**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

FREDERICK SCHNEIDER,        :    Civil Action No. 06-3200(NLH)
      Plaintiff,       :
                      :
   v.                 :    **OPINION**
                      :
UNITED STATES OF AMERICA,   :
et al.,              :
      Defendants.     :

**APPEARANCES:**

Frederick Schneider
129 S. Virginia Avenue - #1207
Atlantic City, NJ 08401

    *Pro Se*

Kevin P. Auerbacher, Esquire
Office of the NJ Attorney General
Richard J. Hughes Justice Complex
PO Box 093
Trenton, NJ 08625

    *Attorney for State of New Jersey Defendants*

Anthony Pagano, Esquire
Atlantic County Department of Law
1333 Atlantic Avenue
8th Floor
Atlantic City, NJ 08401

    *Attorney for Atlantic City Defendants*

**HILLMAN**, District Judge

    Pending before the Court is the State of New Jersey and
Atlantic City Defendants' motions to dismiss Plaintiff's
Complaint for lack of subject matter jurisdiction.  Also pending
is Plaintiff's motion to amend his Complaint and his motion for
default judgment against Defendants United States of America, the
"USEPA," and "Kenneth Eng, Chief Air Compliance Officer."  For

the reasons expressed below, Plaintiff's motion to amend will be granted, and Defendants' motions to dismiss and Plaintiff's motion for default judgment will be denied.

## BACKGROUND

In his Complaint, Plaintiff, *pro se*, claims that he made various complaints to the EPA, NJDEP and Atlantic City Health Department concerning alleged "smokey emissions" and "filmy moist pellets spewing" from the Taj Mahal Hotel & Casino and the Showboat Hotel & Casino.  Plaintiff claims that these emissions have been "flowing into" his apartment, parking lot, and surrounding areas of the Best of Life Park Apartments.  Plaintiff alleges that these emissions are "deleterious" to his "vulnerable respiratory system," but that Defendants' "purported investigations" revealed that these emissions "posed no health risk" to Plaintiff.  Plaintiff has asserted four counts under state law against Defendants for dereliction of duty (Count One), wrongful acts and omissions (Count Two), intentional infliction of emotional distress (Count Three), and declaratory judgment (Count Four).

## DISCUSSION

**A.   Defendants' Motion to Dismiss and Plaintiff's Motion to Amend**

The State of New Jersey and Atlantic City Defendants have moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  Plaintiff claims that this Court has jurisdiction

to hear his Complaint pursuant to 28 U.S.C. § 1332(a).  As Defendants point out, however, in order to for the Court to have jurisdiction over Plaintiff's action under § 1332(a), there must be complete diversity of the parties--that is, the citizenship of Plaintiff must be diverse from the citizenship of each Defendant. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Because Plaintiff is a citizen of New Jersey and numerous Defendants are citizens of New Jersey, the parties are not diverse, and, consequently, the Court does not have jurisdiction to hear Plaintiff's action.

In response to Defendants' motion to dismiss, Plaintiff has asked for leave to amend his Complaint to add claims for "Civil Rights violations under the following U.S. Laws; 42 USC 1983, et als, Conspiracy to Interfere with Civil Rights, Age Discrimination, Title VII, Title VIII, Older Americans Act, Title 33, Hazardous Substance Liability, Title V, Fiduciary Responsibilities Liability & Penalties."  Plaintiff has also asked for leave to amend his Complaint to add numerous other defendants.  Even though Plaintiff does not expressly state how his proposed amendments cure the jurisdictional defect, presumably through the addition of claims for constitutional violations and violations of federal law, Plaintiff now wishes to evoke this Court's federal question jurisdiction under 28 U.S.C.

§ 1331.[1]

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that leave to file an amended pleading "shall be freely given as justice so requires." Fed. R. Civ. P. 15(a). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Defendants have not opposed Plaintiff's motion to amend, and, thus, have not shown the presence of any reason to disallow Plaintiff's amendment. Consequently, Plaintiff will be permitted to file his Amended Complaint. Plaintiff must do so, however, within twenty days of the date of this Opinion and accompanying Order, or his Complaint will be dismissed for lack of subject matter jurisdiction.

---

[1] A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976) (internal quotations omitted).

**B.     Plaintiff's Motion for Default Judgment**

Plaintiff has also moved for the entry of default judgment against Defendants the United States of America, "USEPA," and "Kenneth Eng."  Under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  After the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  Fed. R. Civ. P. 55(b).  Here, Plaintiff has by-passed the first step of the process.  As a result, Plaintiff's motion for default judgment must be denied.

**<u>CONCLUSION</u>**

Plaintiff's motion for leave to amend his Complaint is granted, Defendants' motions to dismiss are denied, and Plaintiff's motion for the entry of default judgment is denied. Plaintiff shall file his Amended Complaint within twenty days of the date of the accompanying Order, or it will be dismissed for lack of subject matter jurisdiction.


Dated: February 27, 2007                s/Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

5